Stephen E. Jenkins (SBN 97642)
Jacqueline L. James (SBN 198838)
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura` Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800; Facsimile: (818) 501-2985
Emails: sjenkins@hrhlaw.com; jjames@hrhlaw.com

Craig S. Summers (SBN 108688)
Matthew S. Bellinger (SBN 222228)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Telephone: (949) 760-0404; Facsimile: (949) 760-9502
Emails: craig.summers@knobbe.com; matt.bellinger@knobbe.com

OF COUNSEL:
Brian W. Brokate
Beth M. Frenchman
Jeffrey E. Dupler
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151; Facsimile: (212) 688-8315
Emails: bwbrokate@gibney.com; bfrenchman@gibney.com;
jdupler@gibney.com

Attorneys for Plaintiff, ROLEX WATCH U.S.A., INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., | Case No: |
| Plaintiff, | **COMPLAINT FOR AVOIDANCE OF TRANSFERS:** |
| vs. | 1. **Fraudulent Conveyance [Cal. Civil Code Section 3439.04(a)(1)]** |
| MICHAEL DAVIDI, an individual, ILANA COHANIM, an individual, PACIFIC BANCORP, INC., a California corporation, FARID MORADI, an individual, ENERGY LIGHT SERVICE, LLC, a Nevada limited liability company, and JANET DAVIDI, an individual, | 2. **Fraudulent Conveyance [Cal. Civil Code Section 3439.04(a)(2)]** |
| | 3. **Fraudulent Conveyance [Cal. Civil Code Section 3439.05(a)]** |
| | 4. **Constructive Trust** |
| | 5. **Declaratory Relief** |
| Defendants. | |

1

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), through its attorneys, hereby complains and alleges as follows:

## STATEMENT OF THE CASE

1.     This is an action by Rolex against Defendants under the Uniform Voidable Transactions Act, California Civil Code section 3439 *et seq.* ("UVTA") for relief against transfers of real property that are voidable under Civil Code sections 3439.04(a)(1), 3439.04(a)(2), and/or 3439.05(a).

## SUBJECT MATTER JURISDICTION

2.     This Court has subject matter jurisdiction over the claims asserted in this action under 28 U.S.C. §§ 1332(a)(1) and 1367(a).

3.     Plaintiff is a corporation formed under the laws of the State of New York and having its principal place of business in the State of New York.  Defendants Michael Davidi, Ilana Cohanim, Janet Davidi and Farid Moradi are citizens of the State of California. Defendant Pacific Bancorp Inc. is a corporation formed under the laws of the State of California having its principal place of business in the State of California.  Upon information and belief, Defendant Energy Light Service, LLC is a limited liability company formed under the laws of the State of Nevada doing business in the State of California. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

4.     This is an action to, among other things, avoid fraudulent conveyances in connection with the enforcement of a judgment of this Court.

5.     Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND PERSONAL JURISDICTION

7.     Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

8.     Upon information and belief, Defendant Michael Davidi ("M. Davidi") is an individual, the husband of Defendant Ilana Cohanim, the son of Defendant Janet Davidi, and the current or former owner, officer, director, manager, operator and/or controlling force of Watch Empire LLC d/b/a Time and Gems and Horological Appraisal Group, residing at 221 S. Anita Avenue, Los Angeles, California 90049, and has committed the tortious acts complained of within this Judicial District.

9.     Upon information and belief, Defendant Ilana Cohanim ("Cohanim") is an individual, the wife of Defendant M. Davidi, daughter-in-law of Defendant Janet Davidi, and the current or former owner, officer, director, manager, operator and/or controlling force of Watch Empire LLC d/b/a Time and Gems and Horological Appraisal Group,

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

residing at 221 S. Anita Avenue, Los Angeles, California 90049, and has committed the tortious acts complained of within this Judicial District. Upon information and belief, Defendant Cohanim is employed as a salesperson by Defendant Pacific Bancorp Inc.

10. Upon information and belief, Defendant Pacific Bancorp Inc. ("Pacific Bancorp") is a corporation, formed under the laws of the State of California, operating and doing business in the State of California and has an office and place of business at 280 South Beverly Drive #211, Beverly Hills, California 90212 and/or at 8665 Wilshire Boulevard, Suite 220, Beverly Hills, California 90211, and has committed the tortious acts complained of within this Judicial District. Upon information and belief, despite its name, Pacific Bancorp is not a bank or a lending institution, but is, instead, a real estate brokerage firm.

11. Upon information and belief, Defendant Farid Moradi ("Moradi") is an individual, a relative, friend, associate and/or insider of Defendant M. Davidi, Defendant Cohanim and/or Defendant Janet Davidi, doing business as and is the owner, officer, director, manager, operator and/or controlling force of Defendant Pacific Bancorp, is both operating and doing business in the State of California and has an office and place of business at 280 South Beverly Drive #211, Beverly Hills, California 90212 and/or at 8665 Wilshire Boulevard, Suite 220, Beverly Hills, California 90211, and has committed the tortious acts complained of within this Judicial District.

//

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

12.    Upon information and belief, Defendant Energy Light Service, LLC ("ELS") is a limited liability company formed under the laws of the State of Nevada operating and doing business in the State of California, although not registered to do business in the State of California, and has offices and places of business at 1158 26th Street #686, Santa Monica, California 90403; 10630 Eastbourne Avenue #203, Los Angeles, California 90024; 3525 Del Mar Heights Road, San Diego, California 92130; 5052 Brookburn Drive, San Diego, California 92130; 1555 Camino Del Mar, Suite 320, Del Mar, CA 92014; and/or 221 South Anita Avenue, Los Angeles, CA 90049, and has committed the tortious acts complained of within this Judicial District.

13.    Upon information and belief, Defendant Janet Davidi ("J. Davidi") is an individual, the mother of Defendant M. Davidi and mother-in-law of Defendant Cohanim, doing business as and is the owner, officer, director, managing member, operator and/or controlling force of Defendant ELS, is both operating and doing business in the State of California and has offices and places of business at 1158 26th Street #686, Santa Monica, California 90403; 10630 Eastbourne Avenue #203, Los Angeles, California 90024; 3525 Del Mar Heights Road, San Diego, California 92130; 5052 Brookburn Drive, San Diego, California 92130; 1555 Camino Del Mar, Suite 320, Del Mar, California 92014, and/or 221 South Anita Avenue, Los Angeles, California 90049, and has committed the tortious acts complained of within this Judicial District.

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

14.     Upon information and belief, at all relevant times each Defendant was, and remains, the agent, servant and/or employee of each of the other Defendants, and acted or failed to act as alleged herein in the course and scope of, and under the actual or apparent authority of, such agency.

15.     Upon information and belief, at all relevant times each Defendant aided and abetted each other Defendant, in that each Defendant acted or failed to act as alleged herein with knowledge of the improper purpose of each other Defendant and with the intent or purpose of committing, encouraging or facilitating the conduct complained of herein, and by act or advice aided, promoted, encouraged, or instigated the conduct complained of herein.

16.     Upon information and belief, at all relevant times each Defendant knowingly and willfully conspired, joined and participated with each other in the conduct complained of herein, as part of a common plan or design.   Each Defendant, by participating in the conspiracy, adopted the acts or omission of each other Defendant complained of herein and is liable for all damages to Plaintiff as alleged herein.

17.     The parcel of real property that is the subject of this action is located within the City of Los Angeles, County of Los Angeles, State of California.   Plaintiff further alleges that this Court has jurisdiction to enter orders and judgments affecting the subject real property.

///

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

COMPLAINT FOR AVOIDANCE OF TRANSFERS

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    The Underlying Judgment**

18.    Rolex is an importer and distributor of Rolex watches, watch bracelets and related products in the United States, which are identified by the tradename and trademark ROLEX.

19.    Rolex is the owner of various trademarks and trademark registrations issued by the U.S. Patent and Trademark Office (the "Registered Trademarks").

20.    On December 16, 2013, Plaintiff filed a complaint in the United States District Court for the Central District of California (Western Division - Los Angeles) against Watch Empire LLC d/b/a Time and Gems, www.timeandgems.com, www.timeandgems.info, and www.watchempiredesigns.com; Horological Appraisal Group d/b/a www.horologicalappraisers.com ("HAG"); and individuals Michael Davidi and Ilana Cohanim (collectively, the "Counterfeiting Action Defendants"), and thereby initiated Case No. CV 13-09221 (SJO) (FFMx) entitled *Rolex Watch U.S.A., Inc. v. Watch Empire LLC, et al.* (the "Counterfeiting Action"), for federal trademark counterfeiting, federal trademark infringement, federal false designation of origin, false description, and unfair competition.    In its complaint in the Counterfeiting Action, Plaintiff alleged, among other things, that the Counterfeiting Action Defendants advertised, promoted, offered for sale and sold merchandise bearing counterfeit copies of several of the Registered Trademarks.

7

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

21.   On September 29, 2015, Rolex obtained a judgment (the "Underlying Judgment") for permanent injunctive relief and money in the sum of $5,103,600.00, consisting of damages in the amount of $5,000,000 and attorneys' fees of $103,600.00 against Time and Gems, HAG, M. Davidi and Cohanim (the "Judgment Debtors").  A true and correct copy of the Underlying Judgment is attached hereto as **Exhibit 1** and is incorporated herein by reference as though set forth in full.

22.   On October 26, 2015, the Counterfeiting Action Defendants filed a motion seeking relief from the Underlying Judgment and a motion to stay its enforcement (the "Judgment Relief Motion").

23.   On December 2, 2015, the Court entered an order denying the Judgment Relief Motion.

24.   On January 11, 2016, the Counterfeiting Action Defendants filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit (the "Appellate Court").  On August 29, 2016, the Appellate Court entered an order dismissing the appeal at the request of the Counterfeiting Action Defendants.

25.   On January 11, 2016, an Abstract of Judgment was issued in favor of Rolex against Cohanim, M. Davidi, HAG and Time and Gems in the amount of $5,103,600.00.

26.   The Abstract of Judgment was recorded in the Official Records of the County of Los Angeles on January 19, 2016 as Instrument No. 20160057097.  A true and ///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

correct copy of the recorded Abstract of Judgment is attached hereto as **Exhibit 2** and is incorporated herein by reference as though set forth in full.

27.     A Notice of Judgment Lien was filed with the California Secretary of State on January 22, 2016 as filing no. 16-7506465030.  A true and correct copy of the filed Notice of Judgment Lien is attached hereto as **Exhibit 3** is and incorporated herein by reference as though set forth in full.

28.     Subsequently, Time and Gems and HAG went out of business and/or became defunct as going concerns.  Time and Gems was also suspended from operating in California by the Franchise Tax Board.  Thus, the only viable remaining Judgment Debtors with respect to the Underlying Judgment are Defendants M. Davidi and Cohanim.

29.     The obligation of the Counterfeiting Action Defendants pursuant to the Underlying Judgment remains unpaid.   There remains due the principal sum of $5,103,600.00 plus accrued interest.

**B.     The Divestment of Real Property from M. Davidi and Cohanim**

30.     At the time that the Counterfeiting Action was filed, M.  Davidi and Cohanim held title to a certain real property commonly known as 221 South Anita Avenue, Los Angeles, California 90049, APN: 4405-030-008 (the "Anita Property"), as husband and wife as community property, and/or as the trustees of the Davidi-Cohanim Family Trust U/D/T dated July 13, 2006 (the "Davidi-Cohanim Trust").

COMPLAINT FOR AVOIDANCE OF TRANSFERS

31.    Approximately two weeks after the Underlying Judgment was entered, on October 14, 2015, Defendants M. Davidi and Cohanim, as husband and wife, and as trustees of the Davidi-Cohanim Trust, transferred their interests in the Anita Property to Pacific Bancorp, Cohanim's employer, in order to shield the Anita Property from creditors, and especially from the Underlying Judgment.  The transfer was accomplished by way of a Grant Deed recorded in the Official Records of the County of Los Angeles, as Instrument No. 20151305794, on October 23, 2015.  A true and correct copy of said Grant Deed is attached hereto as **Exhibit 4** and is incorporated herein by reference as though set forth in full.

32.    The Grant Deed indicates that a documentary transfer tax amount of $0.55 and a City Transfer Tax of $2.25 were paid, suggesting that the interest sold for $500.00.

33.    Upon information and belief, the "payment" of a documentary transfer tax was a sham to give the appearance of a bona fide transfer for value.

34.    The transfer to Pacific Bancorp was a transfer of interests of Judgment Debtors M. Davidi and Cohanim in property (the "Pacific Bancorp Transfer").

35.    Upon information and belief, no money transferred hands, and the Pacific Bancorp Transfer was for zero consideration.

36.    Even if $500.00 was paid in connection with the Pacific Bancorp Transfer, upon information and belief, such consideration was not reasonably equivalent for the value of the Anita Property.  According to the Los Angeles County Assessor, the assessed

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

COMPLAINT FOR AVOIDANCE OF TRANSFERS

value of the Anita Property on the date that the Grant Deed was recorded was $3,000,000.00.

37.     Upon information and belief, Moradi and/or Pacific Bancorp and/or one or more of its owners, officers, directors, principals, managers and/or employees at all relevant times had an employment and/or other close relationship with Defendant Cohanim and/or Defendant M. Davidi and/or Defendant J. Davidi and/or was an insider of Defendant Cohanim and/or Defendant M. Davidi.

38.     Upon information and belief, the transfer to Pacific Bancorp was made in order to avoid the Underlying Judgment.

39.     Upon information and belief, title to the Anita Property is now held in fee simple by Pacific Bancorp, Cohanim's employer.

40.     Upon information and belief, despite the apparent "sale" to Pacific Bancorp of the Anita Property for $500.00, Defendant M. Davidi and/or Defendant Cohanim continue to reside at the Anita Property.

41.     The Anita Property has an estimated market value of $3,500,000.00 to $3,900,000.00, with sufficient equity to satisfy the Underlying Judgment in part or in full.

**C.     The Creation of a False Encumbrance**

42.     On or about December 28, 2017, Pacific Bancorp executed a deed of trust in the principal amount of $4,000,000.00 in favor of ELS (the "ELS Deed of Trust"). The ELS Deed of Trust was recorded on December 28, 2017, as instrument no. 20171512762

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

11

in the Official Records of Los Angeles County.  A true and correct copy of ELS Deed of Trust is attached hereto as **Exhibit 5** and is incorporated herein by reference as though set forth in full.

43.     Upon information and belief, no money transferred hands with respect to the transfer of an interest in the Anita Property to ELS (the "ELS Transfer") and the ELS Transfer was for zero consideration.

44.     Upon information and belief, the ELS Transfer was made in order to add a second "protective shield" to the Anita Property and make it even more invulnerable to levy and/or judgment execution by Plaintiff and other creditors.

45.     The Pacific Bancorp Transfer and the ELS Transfer are referred to hereinafter collectively as the "Transfers."   Pacific Bancorp and ELS are hereinafter collectively referred to as the "Transferees."

**D.     Other Judgment Creditors with Pending Lawsuits and Insolvency**

46.     Upon information and belief, on or about the time of the Pacific Bancorp Transfer, in addition to the Counterfeiting Action, M. Davidi had at least one collection lawsuit pending or judgment entered against him by another creditor.

47.     Upon information and belief, on or about the time of the Pacific Bancorp Transfer, in addition to the Counterfeiting Action, Cohanim had at least one collection lawsuit pending or judgment entered against her by another creditor.

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

48.     Upon information and belief, the Pacific Bancorp Transfer involved substantially all of the assets of Defendant M. Davidi.

49.     Upon information and belief, the Pacific Bancorp Transfer involved substantially all of the assets of Defendant Cohanim.

50.     Upon information and belief, Defendant M. Davidi was not insolvent prior to the Pacific Bancorp Transfer.

51.     Upon information and belief, Defendant Cohanim was not insolvent prior to the Pacific Bancorp Transfer.

52.     Upon information and belief, as a result of the Pacific Bancorp Transfer, Defendant M. Davidi became insolvent and remains insolvent.

53.     Upon information and belief, as a result of the Pacific Bancorp Transfer, Defendant Cohanim became insolvent and remains insolvent.

54.     Upon information and belief, ELS is not an immediate or mediate good faith transferee of Pacific Bancorp, to which the Anita Property was initially transferred in bad faith.

55.     Defendants have engaged in fraudulent acts in furtherance of a fraudulent scheme to transfer the assets of Defendants M. Davidi and Cohanim out of the reach of Plaintiff.

///

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

## FIRST CAUSE OF ACTION

### (For Relief Against Transfers Made With Actual Intent to Hinder, Delay, or Defraud)

### (Against All Defendants)

56.    Plaintiff repeats, re-alleges, and incorporates herein all allegations set forth in paragraphs 1 through 55, inclusive, as though set forth in full herein.

57.    Plaintiff is a creditor of Defendants M. Davidi and Cohanim as the UVTA defines that term.

58.    Defendants Cohanim and M. Davidi incurred substantial debts prior to the Pacific Bancorp Transfer.

59.    Upon information and belief, Defendant M. Davidi and Cohanim made the Pacific Bancorp Transfer with actual intent to hinder, delay, or defraud Plaintiff and their other creditors, as evidenced by, among other things, the fact that: (a) Defendants M. Davidi and Cohanim made the Pacific Bancorp Transfer approximately two weeks after the entry of the Underlying Judgment; (b) Defendants M. Davidi and Cohanim concealed the Pacific Bancorp Transfer; (c) Defendants M. Davidi and Cohanim made the Pacific Bancorp Transfer to an entity with which one of them and/or Janet Davidi had a business and/or other close relationship; (d) Defendant M. Davidi and/or Defendant Cohanim retained possession and/or control of the Anita Property after the Pacific Bancorp Transfer; (e) the Anita Property constituted Defendant M. Davidi and/or Defendant

COMPLAINT FOR AVOIDANCE OF TRANSFERS

Cohanim's main asset of value; (f) the value of the consideration Defendant M. Davidi and/or Defendant Cohanim received for the Pacific Bancorp Transfer was not reasonably equivalent to the value of the Anita Property; and (g) Defendant M. Davidi and/or Defendant Cohanim was/were insolvent at the time that they made the Pacific Bancorp Transfer or became insolvent shortly thereafter.

60.   The Pacific Bancorp Transfer is therefore voidable pursuant to Civil Code section 3439.04(a)(1).

61.   Upon information and belief, Pacific Bancorp made the ELS Transfer to ELS, with the knowledge of, and at the request of, Defendants M. Davidi, Cohanim, J. Davidi and/or Moradi, with actual intent to hinder, delay, or defraud Plaintiff and other creditors of Defendants M. Davidi and Cohanim as evidenced by the fact that: (a) Pacific Bancorp made the ELS Transfer at Moradi's direction (see his signature on the ELS Deed of Trust) to an entity owned, controlled and/or operated by M. Davidi's mother; (b) Pacific Bancorp has an employment and/or other close relationship with Defendants Cohanim, M. Davidi and/or J. Davidi and/or was an insider of Defendant Cohanim and/or Defendant M. Davidi; (c) Defendant Moradi has an employment and/or other close relationship with Defendants Cohanim, M. Davidi and/or J. Davidi and/or was an insider of Defendant Cohanim and/or Defendant M. Davidi; (d) Defendants M. Davidi and/or Cohanim retained possession and/or control of the Anita Property after the ELS Transfer; and (e) the value of the consideration (if any) that ELS received for the ELS Transfer was

COMPLAINT FOR AVOIDANCE OF TRANSFERS

not reasonably equivalent to the value of the interest transferred in the Anita Property.

62.     The ELS Transfer is therefore voidable pursuant to Civil Code section 3439.04(a)(1).

### SECOND CAUSE OF ACTION

**(For Relief Against Constructively Fraudulent Transfers)**

**(Against All Defendants)**

63.     Plaintiff repeats, re-alleges, and incorporates herein all allegations set forth in paragraphs 1 through 62, inclusive, as though set forth in full herein.

64.     Upon information and belief, Defendants M. Davidi and Cohanim made the Pacific Bancorp Transfer without receiving a reasonably equivalent value in exchange therefor.

65.     Upon information and belief, at the time that Defendants M. Davidi and Cohanim made the Pacific Bancorp Transfer, they intended to incur, or believed or reasonably should have believed they would incur, debts beyond their ability to pay as they became due.

66.     Upon information and belief, the ELS Transfer was made without receiving a reasonably equivalent value in exchange therefor and made in order to add a second "protective shield" to the Anita Property and make it even more invulnerable to levy and/or judgment execution by Plaintiff and other creditors of Defendants M. Davidi and Cohanim.

COMPLAINT FOR AVOIDANCE OF TRANSFERS

67.     The Transfers are therefore voidable pursuant to Civil Code section 3439.04(a)(2).

### THIRD CAUSE OF ACTION

### (For Relief Against Constructively Fraudulent Transfers)

### (Against All Defendants )

68.     Plaintiff repeats, re-alleges, and incorporates herein all allegations set forth in paragraphs 1 through 67, inclusive, as though set forth in full herein.

69.     Plaintiff's claim against M. Davidi and Cohanim arose before they made the Pacific Bancorp Transfer.

70.     M. Davidi and Cohanim were insolvent at the time they made the Pacific Bancorp Transfer.

71.     M. Davidi and Cohanim were insolvent at the time that the ELS Transfer was made.

72.     The Transfers are therefore voidable pursuant to Civil Code section 3439.05(a).

### FOURTH CAUSE OF ACTION

### (Constructive Trust Against All Defendants)

73.     Plaintiff repeats, re-alleges, and incorporates herein all allegations set forth in paragraphs 1 through 72, inclusive, as though set forth in full herein.

///

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

COMPLAINT FOR AVOIDANCE OF TRANSFERS

74.     Upon information and belief, Defendants M. Davidi and Cohanim wrongfully transferred assets from themselves to Pacific Bancorp for sham or no value and for zero consideration.

75.     Upon information and belief, Defendants M. Davidi and Cohanim transferred their ownership interest in the Anita Property in order to avoid payment of their obligations to Plaintiff.

76.     In furtherance of the goal behind the transfer of assets from Defendants M. Davidi and Cohanim to Pacific Bancorp – and to create the appearance of a bona fide transfer to a third party – Pacific Bancorp transferred via the ELS Deed of Trust a substantial interest in the Anita Property to ELS.  This was done to create yet another layer of "protection" to avoid creditors.

77.     By virtue of the fraudulent acts, the transferee/grantee of the Anita Property to wit: Pacific Bancorp holds said property as constructive trustee for Plaintiff's benefit.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

78.     Plaintiff repeats, re-alleges, and incorporates herein all allegations set forth in paragraphs 1 through 77, inclusive, as though set forth in full herein.

79.     At all times herein mentioned, Plaintiff was the holder of a valid and enforceable judgment against Defendants M. Davidi and Cohanim, as described above.

//

18

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

80.     At all times relevant herein, an actual dispute and controversy has arisen and now exists between Plaintiffs, on one hand, and the Defendants on the other hand, concerning the enforcement of the Underlying Judgment, and the title and ownership of the Anita Property.  Plaintiff contends that the Anita Property was transferred to Pacific Bancorp, as sole owner, and that subsequently an interest in the Anita Property was transferred to ELS, all in order to hinder, thwart and defraud creditors, including Plaintiff. Plaintiff contends that the Anita Property should be used to satisfy the Underlying Judgment.

81.     Because of Defendants' actions, the satisfaction of Plaintiff's Underlying Judgment cannot be effectuated, and Defendants have acted in bad faith.

82.     A declaration concerning the respective rights and interests of the parties is necessary and appropriate.  In addition, an order that Plaintiff may ascertain its rights and duties is appropriate, and because there is no adequate remedy at law (other than as prayed for) by which the rights of the parties may be determined.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## AS TO ALL CAUSES OF ACTION

1.     For a judgment voiding the Pacific Bancorp Transfer, or in the alternative, for a judgment for the value of the Anita Property or the amount necessary to satisfy

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

Plaintiff's claim, plus interest thereon at the legal rate from the date of the Pacific Bancorp Transfer;

2.    For a judgment voiding the ELS Transfer, or in the alternative, for a judgment for the value of the Anita Property or the amount necessary to satisfy Plaintiff's claim, plus interest thereon at the legal rate from the date of the ELS Transfer;

3.    For an injunction against any further disposition and/or encumbrance of the Anita Property by any of the Defendants until the Underlying Judgment is paid in full;

4.    For appointment of a receiver to take charge of the Anita Property and collect any rents, issues, or profits from the Anita Property;

5.    For imposition of a constructive trust over the Anita Property on the grounds that the Transferees gained title to and/or interest in the Anita Property by fraud or other wrongful act, and wrongfully detain the Anita Property;

6.    For an accounting of all rents, issues, profits, or proceeds from the Anita Property;

7.    For a determination that the Abstract of Judgment previously recorded by Plaintiff pursuant to its Underlying Judgment and not released be deemed a judgment lien on the Anita Property;

8.    For reasonable attorneys' fees and other costs and expenses according to proof;

9.    For costs of suit incurred herein; and

10.   For such other and further relief as the Court may deem just and proper and the circumstances may require.

## AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION

11.   That the Pacific Bancorp Transfer be adjudged and declared fraudulent and void and a nullity as to Plaintiff, or in the alternative, for a judgment for the value of the Anita Property or the amount necessary to satisfy Plaintiff's claim, plus interest thereon at the legal rate from the date of the Pacific Bancorp Transfer;

12.   That the ELS Transfer be adjudged and declared fraudulent and void and as nullity as to Plaintiff, or in the alternative, for a judgment for the value of the Anita Property or the amount necessary to satisfy Plaintiff's claim, plus interest thereon at the legal rate from the date of the ELS Transfer;

13.   That the Court determine the rights and interest of the parties in the Anita Property, and render a declaration that Defendants M. Davidi and Cohanim maintain a community property ownership interest in the Anita Property;

14.   That Pacific Bancorp acquired no interest whatsoever in the Anita Property as a result of the Pacific Bancorp Transfer superior to or adverse to Plaintiff, or alternatively, for a declaration of the parties' competing rights and claims to the Anita Property;

///

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

15.    That ESL acquired no interest whatsoever in the Anita Property as a result of the ELS  Transfer superior to or adverse to Plaintiff, or alternatively, for a declaration of the parties' competing rights and claims to the Anita Property;

16.    That title to the Anita Property revert back to M. Davidi and Cohanim as husband and wife and as their community property; and

17.    For general and punitive damages as this Court deems just.

### AS TO THE FOURTH CAUSE OF ACTION

18.    For an Order declaring that Pacific Bancorp holds the Anita Property in trust for Plaintiff; and

19.    For an accounting of all profits from Defendants relating to rents received for the Anita Property and any other income associated with the Anita Property.

### AS TO THE FIFTH CAUSE OF ACTION

20.    For a declaration concerning the respective rights and interests of the parties with respect to the Anita Property;

21.    For a declaration that Defendants M. Davidi, Cohanim, Pacific Bancorp, Moradi, ELS and J. Davidi knowingly and willingly transferred the Anita Property and/or interests in the Anita Property among themselves, and/or conspired among themselves, to hinder, delay and defraud Plaintiff and other creditors; and

///

///

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR

COMPLAINT FOR AVOIDANCE OF TRANSFERS

22.    For a declaration that Defendants M. Davidi and Cohanim are the actual owners of the Anita Property, and that they hold it as community property.

Respectfully submitted,

Dated:   August 13, 2018

HEMAR, ROUSSO & HEALD, LLP


By:  /s/ JACQUELINE L. JAMES
        Stephen E. Jenkins
        Jacqueline L. James

        -and-

KNOBBE, MARTENS, OLSON & BEAR, LLP
        Craig S. Summers
        Matthew S. Bellinger

        -and-

GIBNEY ANTHONY & FLAHERTY, LLP
        Brian W. Brokate
        Beth M. Frenchman
        Jeffrey E. Dupler

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

COMPLAINT FOR AVOIDANCE OF TRANSFERS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436